UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*Town of Atlanta, Indiana v. Cardinal Health, Inc. et al*<br><br>1:18-op-45125-DAP<br>_____ | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein.  Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below.  To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

Plaintiff(s)' Existing Complaint, Town of Atlanta, Indiana v. Cardinal Health, Inc. et al (1:18-op-45125-DAP), as may have been previously amended, is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 1 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

1.     Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

> AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., McKESSON CORPORATION, SPECGX, LLC, ALLERGAN PLC, ALLERGAN FINANCE LLC, F/K/A ACTAVIS INC., F/K/A WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC., ACTAVIS LLC, PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., AMNEAL PHARMACEUTICALS, LLC, PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICALS USA, INC., CVS HEALTH CORPORATION, THE KROGER CO., MEIJER, INC., WALGREENS BOOTS ALLIANCE, INC., WALMART INC., F/K/A WAL-MART STORES, INC..

**I, Anthony J. Majestro, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s). I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**Dated: March 15, 2019**                    **Signed:** /s/ Anthony J. Majestro

Factual Allegations Regarding Individual Defendants

1.1.     Defendants SPECGX, LLC, ALLERGAN PLC, ALLERGAN FINANCE LLC,

F/K/A ACTAVIS INC., F/K/A WATSON PHARMACEUTICALS, INC., WATSON

LABORATORIES, INC., ACTAVIS PHARMA, INC., ACTAVIS LLC, PAR
PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., AMNEAL
PHARMACEUTICALS, LLC, PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE
PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICALS USA, INC., TEVA
PHARMACEUTICAL INDUSTRIES, LTD., CVS HEALTH CORPORATION, THE KROGER
CO., MEIJER, INC., WALGREENS BOOTS ALLIANCE, INC., WALMART INC., F/K/A
WAL-MART STORES, INC. are hereby added as Defendants by this pleading based on the
following jurisdictional allegations:

    1.1.1    Defendant **SpecGx, LLC** is a Delaware limited liability company with its
headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt
plc. SpecGx, LLC is registered to conduct business and/or conducts business in Plaintiff's
community as a licensed wholesale pharmaceutical distributor. SpecGx, LLC distributed opioids,
in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the
other allegations incorporated herein, in sufficient quantities to be a proximate cause of
Plaintiff's injuries. SpecGx, LLC is sued as a Marketing Defendant and/or Manufacturer
Defedant.

    1.1.2    Defendant **Allergan PLC** (formerly known as Actavis plc) is a public limited
company incorporated in Ireland with its principal place of business in Dublin, Ireland. Actavis
PLC acquired Allergan PLC in March 2015, and the combined company changed its name to
Allergan PLC. Defendant **Allergan Finance, LLC, f/k/a Actavis, Inc., f/k/a Watson
Pharmaceuticals, Inc.,** when it was known as Defendant Actavis, Inc. was acquired by Watson
Pharmaceuticals, Inc. in October 2012, and the combined company changed its name to Actavis,
Inc. as of January 2013 and then Actavis PLC in October 2013. Defendant **Watson**

**Laboratories, Inc.** is a Nevada corporation with its principal place of business in Corona, California, and is a wholly owned subsidiary of Allergan PLC (Allergan Finance LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.). Defendant **Actavis Pharma, Inc.** is a Delaware corporation with its principal place of business in New Jersey and was formerly known as Watson Pharma, Inc. Defendant **Actavis LLC** is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Each of these defendants and entities is owned by Defendant Allergan PLC, which uses them to market and sell its drugs in the United States. Collectively, these defendants and entities are referred to as "Actavis". Actavis is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Actavis distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Actavis is sued as a Marketing Defendant and/or Manufacturer Defedant.

      1.1.3   Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant **Par Pharmaceutical Companies, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. (Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint

and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Par Pharmaceutical is sued as a Marketing Defendant and/or Manufacturer Defedant.

      1.1.4    Defendant **Amneal Pharmaceuticals, LLC** ("Amneal") is a Delaware limited liability company with its principal place of business in Branchburg, New Jersey. Amneal manufactures, promotes, distributes and/or sells opioids nationally, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. Amneal is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Amneal distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Amneal is sued as a Marketing Defendant and/or Manufacturer Defedant.

      1.1.5    Defendant **Purdue Pharma L.P.** ("PPL") is a limited partnership organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. Defendant **Purdue Pharma Inc.** ("PPI") is a New York corporation with its principal place of business in Stamford, Connecticut. Defendant **The Purdue Frederick Company, Inc.** ("PFC") is a New York corporation with its principal place of business in Stamford, Connecticut. PPL, PPI, and PFC and their DEA registrant subsidiaries and affiliates, (collectively, "Purdue") are registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Purdue distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Purdue is sued as a Marketing Defendant and/or Manufacturer Defendant.

1.1.6    Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.; CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC ; and CVS VERO FL Distribution, L.L.C (collectively "CVS"). CVS is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical Distributor. CVS distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. CVS conducts business and is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

1.1.7    Defendant **The Kroger Co.** is an Ohio corporation with headquarters in Cincinnati, OH. Kroger operates 2,268 pharmacies in the United States. The Kroger Co. conducts business as a licensed wholesale distributor under the following named business entities: Kroger Limited Partnership I ("Kroger I") and Kroger Limited Partnership II (collectively "Kroger"). Kroger is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Kroger distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Kroger is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

1.1.8    Defendant **Meijer, Inc.** ("Meijer") is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. Defendant Meijer is registered to conduct business

and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor under the following named business entities: Meijer Distribution, Inc. and Meijer Distribution Inc. # 90. Defendant Meijer distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Defendant Meijer is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

      1.1.9   Defendant **Walgreens Boots Alliance, Inc.,** is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen Arizona Drug Co. (collectively "Walgreens"). Walgreens distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

      1.1.10  Defendant **Walmart Inc.,** ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Wal-Mart Warehouse #28; Wal-Mart Warehouse #6045 aka Wal-Mart Warehouse #45; Wal-Mart Warehouse # 6046 aka Wal-Mart Warehouse #46 and Wal-Mart Stores East, LP. Walmart distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's

injuries. Walmart is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

1.1.11  Defendant **Teva Pharmaceuticals USA, Inc.** ("Teva USA") is a Delaware corporation with its principal place of business in North Wales, Pennsylvania.  Teva USA was in the business of selling generic opioids, including a generic form of OxyContin from 2005 to 2009.  Teva USA is a wholly-owned subsidiary of Defendant **Teva Pharmaceutical Industries, Ltd.** ("Teva Ltd."), an Israeli corporation (collectively "Teva").

## COMMON FACTUAL ALLEGATIONS

2.      By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. #1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)

☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)

☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

3.      If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here.  Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached): N/A

## CLAIMS

4.      The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒  First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒  Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

5.      Plaintiff asserts the following **additional claims** as indicated (below or attached):

### INDIANA CORRUPT BUSINESS INFLUENCE ACT
### INDIANA CODE CHAPTER 35-45-6
### (Against All Defendants)

1.      The RICO Defendants each operated an enterprise or otherwise participated in the activities of an enterprise, for purposes that include the illegal manufacture and distribution of opioids. As explained herein, each RICO Defendant's conduct involves the commission of criminal offenses, constituting a pattern of corrupt activity, and each RICO Defendant participated in the affairs of an enterprise and acquired and maintained control of an enterprise.

2.      Indiana's State RICO "uses language significantly broader than that of the Federal Act." *Keesling v. Beegle*, 880 N.E.2d 1202, 1203 (Ind. 2008).

3.      Each Defendant is a "person" within the meaning of Ind. Code § 35-45-6-2, who conducted or otherwise participated in the affairs of an enterprise through a pattern of racketeering activity, in violation of that section.

4.      The Plaintiff is an "aggrieved person," for purposes of Ind. Code § 34-24-2-6(a), which is suffering from Defendants' corrupt business influence. Accordingly, Plaintiff is entitled to injunctive relief, three times its actual damages, the costs of the current action, reasonable attorney's fees, and punitive damages.

5.      For efficiency and avoiding repetition, for purposes of this claim, Plaintiff incorporates by reference the above paragraphs concerning the Opioid Supply Chain Enterprise.

6.      The RICO Defendants conducted their pattern of racketeering activity under Ind. Code § 35-45-6-2.

7.      The RICO Defendants were members of an enterprise within the meaning of Ind. Code § 35-45-6-1(c), through which the RICO Defendants conducted their pattern of racketeering activity in this jurisdiction and throughout the United States. Specifically, the Healthcare Distribution Alliance (the "HDA") (formerly known as the Healthcare Distribution Management Association or "HDMA") is a distinct legal entity that can serve as a RICO enterprise. The HDA is a non-profit corporation formed under the laws of the District of Columbia and doing business in Virginia. As a non-profit corporation, HDA qualifies as an "enterprise" within the definition set out in Ind. Code § 35-45-6-1(c) because it is a corporation and a legal entity.

8.      For efficiency and avoiding repetition, for purposes of this claim, Plaintiff incorporates by reference the above paragpaphs concerning the conduct of the Opioid Supply Chain Enterprise.

9.      The RICO Defendants conducted and participated in the conduct of the affairs of their Opioid Diversion Enterprise through "racketeering activity" as defined in Ind. Code § 35-45-6-1(e).

10.     As previously alleged, the RICO Defendants engaged in a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(1)(B) and § 1961(1)(D) by committing mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and dealing in a controlled substance which crime is punishable as a felony under any law of the United States. The RICO Defendants committed a felony by violating federal law, including 21 U.S.C. § 843. By this reference, Plaintiff realleges

and fully incorporates herein all allegations regarding the RICO Defendants' pattern of racketeering.

11.    Defendants also dealt in a Schedule II controlled substance unlawfully in violation of Ind. Code § 35-48-4-2.

12.    The RICO Defendants' violations of law and their pattern of racketeering activity directly and proximately caused Plaintiff injury in its business and property because Plaintiff paid for costs associated with the opioid epidemic, as described above in language expressly incorporated herein by reference.

13.    Plaintiff's injuries, and those of her citizens, were proximately caused by the RICO Defendants' racketeering activities. But for the RICO Defendants' conduct, Plaintiff would not have paid the health services and law enforcement services and expenditures required as a result of the plague of drug-addicted residents.Plaintiff's injuries and those of her citizens were directly caused by the RICO Defendants' racketeering activities.

14.    Plaintiff was most directly harmed and there is no other Plaintiff better suited to seek a remedy for the economic harms at issue here.

15.    Plaintiff seeks all legal and equitable relief as allowed by law, including, *inter alia*, actual damages, treble damages, equitable relief, forfeiture as deemed proper by the Court, attorney's fees, punitive damages, and all costs and expenses of suit and pre- and post-judgment interest.

16.    To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice:  N/A

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: March 15, 2019

/s/Anthony J. Majestro
*Attorney for Plaintiff(s)*
Anthony J. Majestro
J.C. Powell
James S. Nelson
Christina L. Smith
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com
jcpowell@powellmajestro.com
jnelson@powellmajestro.com
csmith@powellmajestro.com

/s/J. Burton LeBlanc, IV
Russell W. Budd
J. Burton LeBlanc, IV
Laura J. Baughman
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
lbaughman@baronbudd.com
cmansour@baronbudd.com

/s/Peter J. Mougey
Peter J. Mougey
Troy Rafferty
Archie C. Lamb, Jr.
Page A. Poerschke
Laura S. Dunning
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
alamb@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
jgaddy@levinlaw.com


/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
M. Bert Ketchum, III
**Greene, Ketchum, Farrell,
    Bailey & Tweel, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Phone:  800.479.0053 or 304.525.9115
Fax:      304.529.3284
paul@greeneketchum.com
bert@greeneketchum.com

13

/s/James C. Peterson
R. Edison Hill (WVSB No. 1734)
James C. Peterson (WVSB No. 2880)
Harry C. Deitzler (WVSB No. 981)
Aaron L. Harrah (WVSB No. 9937)
Sandra B. Harrah (WVSB No. 7130)
Douglas A. Spencer (WVSB No. 9369)
**HILL, PETERSON, CARPER,**
  **BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Tel.:  304-345-5667
Fax:  304-345-1519
jcpeterson@hpcbd.com
rehill@hpcbd.com
HGDeitzler@hpcbd.com
aaron@hpcbd.com
sandra@hpcbd.com
doug@hpcbd.com


/s/Michael J. Fuller, Jr.
Michael J. Fuller, Jr.
Amy J. Quezon
**MCHUGH FULLER LAW GROUP,**
**PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Anthony J. Majestro
Anthony J. Majestro
*Attorney for Plaintiff(s)*